AO 106 (Rev. 04/10) Application for a Search Warrant

# SEALED UNITED STATES DISTRICT COURT
### for the
### District of Nebraska

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 8:15MJ129
 )
2115 Clark Street, Omaha, Nebraska )
 )
 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

2115 Clark Street, Omaha, Nebraska - more particularly described in Attachment A

located in the _____ District of _____ Nebraska _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21:841 | Distribution of cocaine, and possession of cocaine with the intent to distribute |

The application is based on these facts:

See Attachment C

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

SA John D. Hallock, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/13/15

*Judge's signature*

City and state: Omaha, Nebraska

F. A. Gossett, III, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT C

## AFFIDAVIT OF JOHN D. HALLOCK

I, John D. Hallock, being first duly sworn, depose and state the following:

1.   I am a Special Agent (SA) with the Federal Bureau of Investigation ("FBI") and am presently assigned to the FBI Omaha, Division, located in Omaha, Nebraska.   I have been an FBI SA for approximately thirteen years.   As an FBI SA, I have received training on a multitude of federal offenses at the FBI Academy and other Law Enforcement Training venues.   I regularly refer to these laws and regulations during the course of my official duties.   During my career as an FBI SA I have been the Case Agent and have assisted in drug, gang, and criminal enterprise investigations which have resulted in search warrants, arrests, and the seizure and forfeiture of assets.   Prior to joining the FBI, I was a Security Specialist for the United States Air Force (USAF) for approximately three years, and served six years with the Lincoln, Nebraska Air Guard. After leaving the military, I was a police officer in the Midwest for approximately seven years.

2.   This affidavit is made in support of a warrant to search the premises located at 2115 Clark Street, Omaha, Douglas County, Nebraska (the "SUBJECT PREMISES"), including any unattached garages, storage structures, and vehicles on the property of the SUBJECT PREMISES, for evidence, fruits, and instrumentalities of the crime concerning Possession with the Intent to Distribute Cocaine, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

3.   The information contained within this affidavit is based upon my training and experience, my personal knowledge of the investigation conducted in the matter, and information provided by other agents and law enforcement officials who have assisted in this investigation and their own investigation.   This affidavit is intended to provide probable cause to support the

1

issuance of the search warrant as requested herein and does not purport to set forth all of the information that I have acquired during the course of this investigation.

## PREMISES TO BE SEARCHED

4.   The premises to be to be searched is described in Attachment A and as follows:

a. The premises to be searched is located at 2115 Clark Street, Omaha, Nebraska (the "SUBJECT PREMISES"), including all outbuildings and appurtenances thereto.   The SUBJECT PREMISES is described as a split entry, tan with green trim, single family residence, displaying the numbers "2115" in gold and vertically on the column to the left of the front door. The SUBJECT PREMISES has a composition shingled roof and has a two car attached garage which is located underneath two double bedroom windows located on the front right side of the residence.

## ITEMS TO BE SEIZED

5.   The items to be seized from the SUBJECT PREMISES, are described in Attachment B and as follows:

a.       Quantities of controlled substances, including Cocaine and other controlled substances.

b.       Controlled substances paraphernalia, including but not limited to, packaging materials/equipment, scales, and other instrumentalities of narcotics activities;

c.       Receipts, notes, ledgers, tally sheets and other papers relating to the transportation, ordering, purchasing, and distribution of controlled substances, in particular, cocaine, cocaine base in the form of crack cocaine, and other controlled substances;

       d.      Tickets, notes, receipts, and other items relating to domestic and international travel, specifically, but not limited to, airline tickets, car rental agreements, commercial bus tickets, passports;

       e.      Records, invoices, receipts, records of real estate transactions, bank statements and related records, passports, money drafts, money orders, bank drafts, wire transfers, and cashier's checks, safe deposit box keys, and other items which demonstrate the obtaining, secreting, transfer, and/or concealment of assets and obtaining, secreting, transfer, concealment and/or expenditure(s) of money;

       f.      Electronic equipment such as telephones, cellular phones, pagers, facsimile machines, currency counting machines, and telephone answering machines;

       g.      United States currency, precious metals, jewelry, and financial instruments, including but not limited to stocks and bonds;

       h.      Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, of assets and/or controlled substances;

       i.      Address and/or telephone books, telephones, pagers, answering machines and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of co-conspirators, source(s) of supply for controlled substances, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

       j.      Indicia of occupancy, residency, rental and/or ownership of the SUBJECT PREMISES, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchases, or lease agreements, and keys;

3

k.    Handguns, shotguns, rifles, and any other firearms that may have been used to facilitate the distribution or possession of controlled substances with the intent to distribute said substances.

## INVESTIGATION AND UNDERCOVER EMPLOYEE (UCE) # 4380

6.    During the period of June 13, 2014 through November 20, 2014, I was assigned to investigate, along with Omaha Police Department (OPD) Major Crimes Unit (MCU), a series of bank robberies that occurred in the Omaha, Nebraska metropolitan area.   The investigation has determined that members of the 38th Street Gang, 29th Street Gangs, Victor Street Bloods, Bottoms Bloods, and the Jaynes Street Bloods were involved with the robberies, and currently refer to themselves as the "NIKE" Gang.   The investigation has determined that members of the NIKE Gang are involved with bank robbery and commercial robbery, felonious assault, homicide, and the sale and transportation of narcotics.   The investigation has determined that numerous NIKE Gang members sell narcotics as a way to fund the illegal activities of the NIKE Gang. To date, at least eight controlled buys have been conducted by the FBI Omaha Division Greater Omaha Safe Streets Task Force (GOSSTF), where five of the controlled buys have been made with two of the prominent NIKE Gang members.

7.    In March 2015, UCE # 4380, a certified FBI undercover employee, contacted your affiant to advise your affiant that UCE #4380 had been in contact with a Black male identified with a street name of "Peanut."   UCE # 4380 reported that "Peanut" wanted to sell narcotics to UCE # 4380 in North Omaha, Nebraska.   UCE # 4380 reported that "Peanut" had excellent access to individuals that were involved with narcotics, and possibly had access to members of the NIKE Gang.   The investigation has determined that "Peanut" is positively identified as EUGENE

4

EDWARD GRIFFIN, a Black male born in 1971. A criminal history query of GRIFFIN

determined that GRIFFIN has numerous arrests, to include an arrest and conviction for Possession

of Cocaine in Montgomery County, Ohio.


## STATEMENT OF PROBABLE CAUSE

### MARCH 11, 2015 MEET

8.  On March 11, 2015, UCE # 4380 met GRIFFIN at Daily's Detailing and Car Wash,

located at 3117 North 30th Street, Omaha, Nebraska.   The purpose of the meet was to discuss a

future narcotics transaction.   Members of the FBI Omaha Division GOSSTF provided

surveillance and security for the meet, and observed UCE # 4380 meet with GRIFFIN between

1:50 p.m. and 2:39 p.m.   After the meet, UCE # 4380 reported that GRIFFIN want to set up a

narcotics transaction in the near future, and GRIFFIN would contact UCE # 4380.


### MARCH 13, 2015 CONTROLLED BUY

9.  On March 13, 2015, GRIFFIN called UCE # 4380 several times and told UCE # 4380

that GRIFFIN would be able to get UCE # 4380 an amount of Cocaine.   Your affiant held a

briefing at a pre-determined location where members of the FBI Omaha Division GOSSTF were

briefed of the controlled buy, and where they were advised of surveillance and rescue team duties.

At the briefing, your affiant provided UCE # 4380 with audio and visual equipment, and $500.00

in United States currency for the purchase of Cocaine.

10.   UCE # 4380 made contact with GRIFFIN, and GRIFFIN directed UCE # 4380 to

pick up GRIFFIN at Dailey's, 3117 North 30th Street, Omaha, Nebraska.   At approximately 1:04

p.m., GRIFFIN got into UCE # 4380's vehicle and traveled to 2115 Clark Street, Omaha,

5

Nebraska. UCE # 4380 provided GRIFFIN with the $500.00 in United States currency and a digital scale. GRIFFIN went in the residence for a few minutes and came back outside. When GRIFFIN got back in UCE # 4380's vehicle, GRIFFIN handed UCE # 4380 a clear plastic bag containing a white powder, believed to be Cocaine. UCE # 4380 asked GRIFFIN how much, and GRIFFIN replied "five" meaning five grams. UCE # 4380 asked GRIFFIN where the rest of the money went and GRIFFIN gave $200.00 back to UCE # 4380. UCE # 4380 then drove GRIFFIN back to Daily's, where UCE # 4380 gave GRIFFIN $40.00 for providing the Cocaine.

11.     After the controlled buy, UCE # 4380 was met by members of the FBI Omaha Division GOSSTF where the audio and visual recording devices were removed and turned off. UCE # 4380 provided the white powdery substance to Omaha Police Department (OPD) Task Force Officer (TFO) Brian Gerrity, who weighed and tested the white powdery substance. TFO Gerrity reported that the white powdery substance weighed 5.0 grams, and field tested positive for Cocaine. TFO Gerrity then placed the Cocaine into OPD property for safe keeping.

## MARCH 17, 2015 CONTROLLED BUY

12.     On March 17, 2015, UCE # 4380 was in telephonic contact with GRIFFIN, and GRIFFIN had agreed to meet UCE # 4380 at approximately 12:30 p.m. in order to purchase Cocaine. Your affiant held a briefing at a pre-determined location where members of the FBI Omaha Division GOSSTF were briefed of the controlled buy, and where they were advised of surveillance and rescue team duties. At the briefing, your affiant provided UCE # 4380 with audio and visual equipment, and $800.00 in United States currency for the purchase of Cocaine.

13.     GRIFFIN directed UCE # 4380 to pick GRIFFIN up in the area of 34th and Pratt Street, Omaha, Nebraska. UCE # 4380 reported that GRIFFIN attempted to call a few people to

6

find the narcotics, and then directed UCE # 4380 to drive to 2115 Clark Street, Omaha, Nebraska, as GRIFFIN was successful in purchasing Cocaine at 2115 Clark Street on March 13, 2015. While traveling to 2115 Clark Street, GRIFFIN made a phone call to someone who was observed driving a Silver Chevrolet Impala. GRIFFIN then directed UCE # 4380 to pull into Daily's at 3117 North 30th Street, Omaha, Nebraska. GRIFFIN got out of UCE # 4380's vehicle and went to the Silver Impala to talk to the driver. GRIFFIN got back in UCE # 4380's vehicle, and told UCE # 4380 that the person in the Chevrolet Impala only had "Hard," (meaning Crack Cocaine), and did not have any powdered Cocaine. GRIFFIN again directed UCE # 4380 to drive to 2115 Clark Street. While at 2115 Clark Street, GRIFFIN attempted to contact occupants of the residence, but no one was home.

14.     At approximately 1:15 p.m., GRIFFIN directed UCE # 4380 to drive to an address near 2907 North 27th Street, Omaha, Nebraska. GRIFFIN went to the residence of 2907 North 27th Street to purchase Cocaine. Before GRIFFIN left the vehicle, UCE # 4380 provided GRIFFIN with $800.00 in United States currency, where $700.00 was for the Cocaine and $100.00 was for GRIFFIN for facilitating the narcotics transaction. GRIFFIN returned to UCE # 4380's vehicle a short time later, and GRIFFIN provided UCE # 4380 with a clear bag which contained a white powdery substance.

15.     After the controlled buy, UCE # 4380 was met by members of the FBI Omaha Division GOSSTF where the audio and visual recording devices were removed and turned off. UCE # 4380 provided the white powdery substance to OPD TFO Brian Gerrity, who weighed and tested the white powdery substance. TFO Gerrity reported that the white powdery substance weighed 6.8 grams, and field tested positive for Cocaine. TFO Gerrity then placed the Cocaine into OPD property for safe keeping.

7

MARCH 19, 2015 CONTROLLED BUY

16.     On the evening of March 17, 2015, GRIFFIN contacted UCE #4380 by phone, and

GRIFFIN and UCE # 4380 agreed to meet on March 19, 2015 in order to purchase a half ounce of

Cocaine.   Both UCE # 4380 and GRIFFIN agreed to meet at approximately 1:00 p.m. on March

19, 2015.

17.     On March 19, 2015, your affiant held a briefing at a pre-determined location where

members of the FBI Omaha Division GOSSTF were briefed of the controlled buy, and where they

were advised of surveillance and rescue team duties.   At the briefing, your affiant provided UCE #

4380 with audio and visual equipment, and $800.00 in United States currency for the purchase of

Cocaine.

18.     UCE # 4380 contacted GRIFFIN by telephone, and GRIFFIN directed UCE # 4380

to pick him up at 34th and Pratt Street, Omaha, Nebraska.   At approximately 12:50 p.m., UCE #

4380 arrived and GRIFFIN got inside of UCE # 4380's vehicle.   GRIFFIN directed UCE # 4380

to drive to 2115 Clark Street, Omaha, Nebraska.   When GRIFFIN and UCE # 4380 arrived,

GRIFFIN went inside the residence, through the garage, on the lower level.   GRIFFIN came back

out of the residence, and told UCE # 4380 that it would be $950.00 for a half ounce of Cocaine.

UCE # 4380 did not agree with the price and gave GRIFFIN the $800.00 in United States currency.

GRIFFIN went back inside 2115 Clark Street and came back outside a few minutes later.

GRIFFIN gave UCE # 4380 a clear bag with approximately 13.5 grams of a white powdery

substance inside.   UCE # 4380 drove GRIFFIN to Daily's, 3117 North 30th Street, Omaha,

Nebraska, and dropped him off.

19.     After the controlled buy, UCE # 4380 was met by members of the FBI Omaha

8

Division GOSSTF where the audio and visual recording devices were removed and turned off. UCE # 4380 provided the white powdery substance to OPD TFO Brian Gerrity, who weighed and tested the white powdery substance. TFO Gerrity reported that the white powdery substance weighed 13.8 grams, and field tested positive for Cocaine. TFO Gerrity then placed the Cocaine into OPD property for safe keeping.

20.    On April 22, 2015, OPD Sergeant Laurie Long, assigned to the FBI Omaha Division GOSSTF, provided your affiant with a Douglas County Nebraska Laboratory Report, which listed the following results:

i.    The white powdery substance purchased on March 13, 2015 was identified as Cocaine with a net weight of 3.88 grams;

ii.    The white powdery substance purchased on March 17, 2015 was identified as Cocaine with a net weight of 5.58 grams;

iii.    The white powdery substance purchased on March 19, 2015 was identified as Cocaine with a net weight of 12.74 grams.

21.    On April 22, 2015, in the United States District Court, for the District of Nebraska, the Federal Grand Jury (FGJ) returned a true bill indictment charging GRIFFIN with the following:

i.    Count I – On or about March 13, 2015, in the District of Nebraska, EUGENE E. GRIFFIN, defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

ii.    Count II - On or about March 17, 2015, in the District of Nebraska, EUGENE E.

9

GRIFFIN, defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

    iii. Count III - On or about March 19, 2015, in the District of Nebraska, EUGENE E. GRIFFIN, defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of Cocaine, its salts, optical and geometric isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

  22. On May 11, 2015, UCE # 4380 contacted GRIFFIN via cellular telephone and asked GRIFFIN if he was back from the State of Ohio, as GRIFFIN had previously told UCE # 4380 that he was going to Ohio to visit a family member.   GRIFFIN told UCE # 4380 that he was back in Omaha, Nebraska, and GRIFFIN had previously attempted to reach UCE # 4380 several times by telephone.   UCE # 4380 told GRIFFIN that he needed to get a "job" (meaning to purchase narcotics) and GRIFFIN responded by telling UCE # 4380 "Yes."   GRIFFIN told UCE # 4380 that he needed to get some work too.   Based on your affiant's training and expereicne, your affiant understands GRIFFIN'S statement to also mean that he is wanting to acquire drugs to resell to others to make money.)   UCE # 4380 asked GRIFFIN if they can go back to Clark Street, the same place that UCE # 4380 and GRIFFIN went before.   (Here, UCE #4380 is referring to 2115 Clark Street, Omaha, Nebraska, and UCE # 4380 is asking to go back to that location to again purchase cocaine.)   GRIFFIN asked UCE # 4380 "How much you trying to do" and UCE # 4380 said a "half ounce" or at least an "eight ball."   GRIFFIN told UCE # 4380 that he could set that up, and GRIFFIN told UCE # 4380 that GRIFFIN would be back in town on Wednesday, May 13,

10

2015.  (Here, your affiant understands GRIFFIN to be confirming that UCE # 4380 and GRIFFIN could return to 2115 Clark Street, Omaha, Nebraska to purchase more drugs once GRIFFIN arrives back in town on May 13, 2015.)   In the past, as described above, UCE # 4380 and GRIFFIN have gone to 2115 Clark Street, Omaha, Nebraska to purchase Cocaine on three occasions, and they were successful in purchasing cocaine on two of those occasions.

23.    On May 12, 2015, OPD TFO James Paul advised your affiant that he contacted the Metropolitan Utilities District (MUD), Omaha, Nebraska, and the said property, specifically 2115 Clark Street, Douglas County, Omaha, Nebraska is under the control or custody of DORI HUNTER, and that DORI HUNTER is responsible for the services at 2115 Clark Street, Douglas County, Omaha, Nebraska.

## PROBABLE CAUSE FOR ITEMS TO BE SEIZED

24.   Based on my training, experience, discussion with experienced law enforcement officers and agents, discussions with criminal defendants and confidential informants, I know that persons involved in controlled substance trafficking commonly keep the following items at their residences, "stash houses," vehicles located at their residences or "stash houses", or places of business:

a.   Controlled substances, including but not limited to cocaine base, drug paraphernalia, scales, and packing materials.

b.   Large quantities of cash derived from the sale of controlled substances, including United States currency over $1,000.00.

c.   Documents that reflect or refer to the purchase or sale of controlled substances, including but not limited to cocaine base, methamphetamine, and ecstasy.

11

d. Financial records, which can provide further evidence of controlled substance trafficking through unexplained wealth and/or cash transactions, including bank records, wire transfer records, bank statements and records, money drafts, letters of credit, safety deposit keys and records, money wrappers, money containers, income tax returns, financial transfers.

e. Telephones, cellular telephones, pagers, and answering machines, address books, and telephone books used to facilitate drug transactions.

f. Financial instruments purchased with large amounts of currency, including travelers checks, bonds, stock certificates, money orders and cashiers checks, passbooks, bank checks, bank deposit tickets, certificates of deposit, and memoranda and other items evidencing the obtaining, secreting, transfer, concealment, and/or expenditures of money, money counting machines, money wrappers and bags used to carry controlled substances.

g. Records, documents and deeds reflecting the purchase of real estate, vehicles, precious metals, or jewelry, or other items obtained with the proceeds of the sales of controlled substances.

h. Airline tickets, passports, credit card receipts, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to locations associated with controlled substance trafficking.

i. Pistols, revolvers, shotguns, rifles, assault weapons, machineguns, ammunition, and other firearms, radio frequency detectors and other anti-surveillance devices capable of being used to thwart law enforcement investigations into controlled substance trafficking.

j. Indicia of occupancy, residency, control and/or ownership of the premises and things described in this warrant, such as utility bills, telephone bills, loan payment receipts, rent documents, canceled envelopes and keys, photographs, and bank records.

12

25.   Furthermore, based on my training and experience, I know that customers commonly contact controlled substance traffickers through the use of telephones, cellular telephones and pagers.   Therefore, I also request authority to answer and record any phone calls received at the SUBJECT PREMISES during the execution of the requested search warrant, and/or any numbers received on any pagers or cellular telephone display screens seized during the execution of the requested search warrant.

## REQUEST TO SEAL AFFIDAVIT

26.   Based on my training, experience, conversations with other FBI agents, conversations with other federal law enforcement agents, conversations with local law enforcement agents, my prior experience serving search and arrest warrants in controlled substances cases, I am requesting that the search warrant be sealed for the following reasons:

a.   This warrant is one part of a larger ongoing criminal investigation involving narcotics trafficking gang members.   Further activities and transactions may occur.   Disclosure of the contents of this affidavit would seriously impede the investigation by disclosing the details of the government's investigation and any evidence gathered in connection herewith.

b.   In addition, the subjects of the investigation would be able to learn about a portion of the government's knowledge.   I believe that disclosure of this affidavit would jeopardize future contacts with co-conspirators currently under investigation, as well as enable the subjects of the investigation to identify those individuals who are cooperating with the government, to the detriment of the investigation.   I also believe that such disclosure would lead to pressure on these and other witnesses not to speak to government agents and could seriously impede the investigation.

## CONCLUSION

27.     Based on the foregoing facts and my training, education, and experience, there is

probable cause that evidence, contraband, fruits, and instrumentalities of violations of Title 21,

United States Code, Section 841(a)(1), and Title 21, United States Code, Section 841(b)(1),

Possession with Intent to Distribute Cocaine will be found at the SUBJECT PREMISES.


JOHN D. HALLOCK
Special Agent
Federal Bureau of Investigation


Subscribed and sworn
before me this __13__ day of
May,2015.



F.A. GOSSETT, JR
United States Magistrate Judge

2

# ATTACHMENT A

## PREMISES TO BE SEARCHED

The premises to be searched for evidence of violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine, is located at 2115 Clark Street, Omaha, Nebraska (the "SUBJECT PREMISES"), and includes all outbuildings and appurtenances thereto, and vehicles located on the property of the SUBJECT PREMISES.   The SUBJECT PREMISES is described as a split entry, tan with green trim, single, displaying the numbers 2115 in gold and vertically on the column to the left of the front door. The SUBJECT PREMISES   has a composition shingled roof and has a two car attached garage which is located underneath two double bedroom windows located on the right side of the residence.

## ATTACHMENT B

ITEMS TO BE SEIZED

1.      The items to be seized from the premises located at 2115 Clark Street, Omaha, Nebraska   (the "SUBJECT PREMISES"), including all outbuildings and appurtenances thereto, and vehicles on the property of the SUBJECT PREMISES, for violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine, are as follows:

a.      Quantities of controlled substances, including methamphetamine and other controlled substances.

b.      Controlled substances paraphernalia, including but not limited to, packaging materials/equipment, scales, and other instrumentalities of narcotics activities;

c.      Receipts, notes, ledgers, tally sheets and other papers relating to the transportation, ordering, purchasing, and distribution of controlled substances, in particular, cocaine, cocaine base in the form of crack cocaine, and other controlled substances;

d.      Tickets, notes, receipts, and other items relating to domestic and international travel, specifically, but not limited to, airline tickets, car rental agreements, commercial bus tickets, passports;

e.      Records, invoices, receipts, records of real estate transactions, bank statements and related records, passports, money drafts, money orders, bank drafts, wire transfers, and cashier's checks, safe deposit box keys, and other items which demonstrate the obtaining, secreting, transfer, and/or concealment of assets and obtaining, secreting, transfer, concealment and/or expenditure(s) of money;

f.      Electronic equipment such as telephones, cellular phones, pagers, facsimile

2

machines, currency counting machines, and telephone answering machines;

       g.     United States currency, precious metals, jewelry, and financial instruments, including but not limited to stocks and bonds;

       h.     Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, of assets and/or controlled substances;

       i.     Address and/or telephone books, telephones, pagers, answering machines and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of co-conspirators, source(s) of supply for controlled substances, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

       j.     Indicia of occupancy, residency, rental and/or ownership of the SUBJECT PREMISES, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchases, or lease agreements, and keys;

       k.     Handguns, shotguns, rifles, and any other firearms that may have been used to facilitate the distribution or possession of controlled substances with the intent to distribute said substances.

3

AO 93 (Rev 11/13) Search and Seizure Warrant

 

# UNITED STATES DISTRICT COURT

for the

District of Nebraska

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No.   8:15MJ129
)
2115 Clark Street, Omaha, Nebraska )
)
)

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ **Nebraska**
*(identify the person or describe the property to be searched and give its location)*:

2115 Clark Street, Omaha, Nebraska - more particularly described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before _____ MAY 25, 2015 _____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ F.A . Gossett, III _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   5/13/15   9:26 AM.   _____
*Judge's signature*

City and state:   Omaha, Nebraska   _____   F.A . Gossett, III, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>  8:15MJ129 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
|        I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. |

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### PREMISES TO BE SEARCHED

The premises to be searched for evidence of violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine, is located at 2115 Clark Street, Omaha, Nebraska (the "SUBJECT PREMISES"), and includes all outbuildings and appurtenances thereto, and vehicles located on the property of the SUBJECT PREMISES. The SUBJECT PREMISES is described as a split entry, tan with green trim, single, displaying the numbers 2115 in gold and vertically on the column to the left of the front door. The SUBJECT PREMISES has a composition shingled roof and has a two car attached garage which is located underneath two double bedroom windows located on the right side of the residence.

2

## ATTACHMENT B

### ITEMS TO BE SEIZED

1.      The items to be seized from the premises located at 2115 Clark Street, Omaha, Nebraska  (the "SUBJECT PREMISES"), including all outbuildings and appurtenances thereto, and vehicles on the property of the SUBJECT PREMISES, for violations of Title 21, United States Code, Section 841(a)(1), Possession with Intent to Distribute Cocaine, are as follows:

   a.      Quantities of controlled substances, including methamphetamine and other controlled substances.

   b.      Controlled substances paraphernalia, including but not limited to, packaging materials/equipment, scales, and other instrumentalities of narcotics activities;

   c.      Receipts, notes, ledgers, tally sheets and other papers relating to the transportation, ordering, purchasing, and distribution of controlled substances, in particular, cocaine, cocaine base in the form of crack cocaine, and other controlled substances;

   d.      Tickets, notes, receipts, and other items relating to domestic and international travel, specifically, but not limited to, airline tickets, car rental agreements, commercial bus tickets, passports;

   e.      Records, invoices, receipts, records of real estate transactions, bank statements and related records, passports, money drafts, money orders, bank drafts, wire transfers, and cashier's checks, safe deposit box keys, and other items which demonstrate the obtaining, secreting, transfer, and/or concealment of assets and obtaining, secreting, transfer, concealment and/or expenditure(s) of money;

   f.      Electronic equipment such as telephones, cellular phones, pagers, facsimile

2

machines, currency counting machines, and telephone answering machines;

g.    United States currency, precious metals, jewelry, and financial instruments, including but not limited to stocks and bonds;

h.    Photographs, including still photos, negatives, video tapes, films, undeveloped film and the contents therein, in particular photographs of co-conspirators, of assets and/or controlled substances;

i.    Address and/or telephone books, telephones, pagers, answering machines and any papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers of co-conspirators, source(s) of supply for controlled substances, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

j.    Indicia of occupancy, residency, rental and/or ownership of the SUBJECT PREMISES, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchases, or lease agreements, and keys;

k.    Handguns, shotguns, rifles, and any other firearms that may have been used to facilitate the distribution or possession of controlled substances with the intent to distribute said substances.

3